NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 15 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLIFFORD J. THOMAS, | No. 23-15464 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 1:21-cv-00010-JAO-KJM |
| CARLOS DEL TORO, Secretary, Department of the Navy, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| KENNETH J. BRAITHWAITE; THOMAS W. HARKER, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

Submitted October 8, 2024**
Honolulu, Hawaii

Before: MURGUIA, Chief Judge, and GRABER and MENDOZA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Plaintiff Clifford J. Thomas filed this Title VII action against the Secretary of the Navy, alleging race, color, and age discrimination; retaliation; and a hostile work environment. The district court entered summary judgment in favor of the Navy, and Plaintiff timely appealed. Reviewing de novo, Fried v. Wynn Las Vegas, LLC, 18 F.4th 643, 646–47 (9th Cir. 2021), we affirm.

On appeal, Plaintiff argues only that he "raised a material issue of fact that he was subjected to a hostile work environment" on account of his having complained of discrimination. Plaintiff relies entirely on his declaration. The district court properly considered only the factual assertions in the declaration, not the legal characterizations, and properly declined to consider hearsay contained in the declaration. Plaintiff does not challenge those rulings here.

Considering the remaining facts in Plaintiff's declaration, the district court correctly concluded that Plaintiff failed to link the alleged hostile work environment, causally, to his prior protected activity. See Ray v. Henderson, 217 F.3d 1234, 1244–45 (9th Cir. 2000) (noting causation requirement for hostile-work-environment-based retaliation claims). But even assuming that Plaintiff's declaration sufficed to establish a causal link, and further assuming that Plaintiff established that he found the workplace subjectively hostile, the district court properly concluded that Plaintiff failed to prove that his workplace was objectively hostile using a reasonable-person standard. See Dominguez-Curry v. Nev. Transp.

Dep't, 424 F.3d 1027, 1034 (9th Cir. 2005) (holding that a work environment must be both subjectively and objectively hostile to support a hostile work environment claim).

Many of the comments and actions complained of were performance-related and not pretextual. See Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1108–09 (9th Cir. 2008) (explaining that performance-related and non-pretextual actions do not support claims for retaliation or hostile work environment). And the non-performance-related comments did not rise to the required level of severe or pervasive conduct. See Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1988) (stating that isolated comments, "unless extremely serious," do not suffice to create a hostile work environment); see also Fried, 18 F.4th at 648 (noting that if every insult constituted a hostile work environment, Title VII risked becoming a "general civility code" (quoting Faragher, 524 U.S. at 788)).

**AFFIRMED**.